COMMONWEALTH *vs.* RAYMOND A. DAVILLA. JUNE 7, 1990. *Practice, Criminal,* Examination of jurors, Fair trial. *Jury and Jurors.*

A jury found the defendant, a Puerto Rican man, guilty of raping, and not guilty of kidnapping, a white woman. The defendant appealed the rape conviction to the Appeals Court on the sole ground that the judge had failed to conduct a colloquy with the defendant personally before individually questioning potential jurors about the possibility of ethnic bias. The voir dire had been requested by defense counsel. Also, although the record is unclear, we assume, as the defendant asserts, that counsel requested the judge to engage in a colloquy with the defendant.

The Appeals Court reversed the conviction in a summary disposition under Appeals Court Rule 1:28. *Commonwealth* v. *Davilla*, 27 Mass. App. Ct. 1413 (1989). The Appeals Court relied on several decisions of this court, including *Commonwealth* v. *Rivera*, 397 Mass. 244 (1986), and *Commonwealth* v. *A Juvenile (No. 2)*, 396 Mass. 215 (1985). We granted the Commonwealth's application for further appellate review.

In *Commonwealth* v. *Ramirez, ante* 553 (1990), decided today, we announced that a trial judge may properly conduct an individual voir dire of prospective jurors on the subject of racial or ethnic prejudice, requested by defense counsel, without first conducting a colloquy with the defendant personally. Our decision in *Ramirez* is controlling here.

*Judgment affirmed.*

*Regina Zupan*, Committee for Public Counsel Services (*Richard Zorza*, Committee for Public Counsel Services, with her) for the defendant.

---

[2]On the result we reach, we do not discuss the defendants' other claims of error.

*Katherine E. McMahon*, Assistant District Attorney, for the Commonwealth.