COMMONWEALTH *vs.* JAMES JOHNSON. December 3, 1990. *Practice, Criminal,* Examination of jurors. *Jury and Jurors.*

On March 3, 1989, a jury found the defendant, James Johnson, a black man, guilty of committing assault and battery and larceny against a white woman. The defendant now appeals from his convictions, claiming that the trial judge committed reversible error by failing to conduct a colloquy with the defendant before questioning individual prospective jurors about the possibility of racial bias. The voir dire had been requested by defense counsel. The Appeals Court reversed, 28 Mass. App. Ct. 453 (1990). We granted further appellate review and we now affirm the convictions.

The defendant's appeal was filed before our decision in *Commonwealth* v. *Ramirez,* 407 Mass. 553 (1990). In *Ramirez,* we held that "judges [are not] required to conduct a colloquy with defendants personally before examining prospective jurors for racial or ethnic bias." *Id.* at 557. Our decision in *Ramirez* is controlling in the present case. See *Commonwealth* v. *DaVilla,* 407 Mass. 1008 (1990). The defendant's request for a new trial is denied.

*Judgments affirmed.*

The case was submitted on briefs.

*Carol A. Donovan,* Committee for Public Counsel Services, for the defendant.
*Newman Flanagan,* District Attorney, *Lauren Inker & John Coffey,* Assistant District Attorneys, for the Commonwealth.